UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22854-RAR

**RAFAEL CRUZ**, *et al.*,

    Plaintiffs,

v.

**ATLANTIC SPECIALTY INSURANCE COMPANY,** *a Foreign Profit Corporation authorized and doing business in the State of Florida*,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS V AND VI**

**THIS CAUSE** comes before the Court upon Defendant Atlantic Specialty Insurance Company's Motion to Dismiss Counts V and VI ("Motion"), filed on August 7, 2023. [ECF No. 6]. Plaintiff filed a Response in Opposition ("Response"), on August 21, 2023. [ECF No. 10]. The Court did not require a reply and held oral argument on the Motion on August 24, 2023. [ECF No. 13]. The Court having carefully reviewed the pleadings, the record, the relevant caselaw, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED** for the reasons stated on the record at oral argument, [ECF No. 13], and as summarized herein.

**ANALYSIS**

In their Complaint, Plaintiffs allege that Defendant breached the insurance policy by not paying out sufficient uninsured motorist benefits after an automobile accident. Compl. ¶¶ 11–31; Mot. at 1–2. Plaintiffs also include claims for declaratory relief regarding Defendant's uninsured motorist benefits policy. *See* Compl. ¶¶ 32–39. Counts V and VI of Plaintiffs' Complaint allege that Defendant violated section 624.155 of the Florida Statutes by breaching its statutory duty to "exercise

good faith in the provision of coverage, investigation, negotiation, and settlement of the claims by Plaintiff." *Id.* ¶¶ 40–59.  Defendant rightly highlights that Counts V and VI for bad faith will not accrue until a court finds the insurer liable for the underlying insurance benefits claims and determines the full extent of the insured's damages. *See Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1224 (Fla. 2016); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *General Star Indem. Co. v. Anheuser-Busch Cos., Inc.*, 741 So. 2d 1259, 1261 (Fla 5th DCA 1999) (finding that coverage and liability issues must be determined first before a bad faith cause of action can be brought).  Plaintiffs do not dispute this point, but instead argue that this Court should abate Counts V and VI instead of dismissing them without prejudice in the interest of judicial economy. *See* Resp. at 3–8.

The decision whether to abate or dismiss statutory bad faith claims in this context falls within the sound discretion of the trial court. *See Terenzio v. LM Gen. Ins. Co.*, 423 F. Supp. 3d 1354, 1356 (S.D. Fla. 2019).  Courts within this district have undertaken both approaches, but the majority appears to favor dismissal over abatement. *See Lewis v. Allied World Specialty Ins. Co.*, No. 20-20677, 2023 WL 2770538, at *9 (S.D. Fla. Apr. 4, 2023) (collecting cases); *see also Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1364 (M.D. Fla. 2015) (collecting cases).  This Court stands firmly with the majority viewpoint on this issue, in large part because of the Article III "case or controversy" standing jurisprudence governing federal courts' adjudication of claims.  Federal courts are precluded from adjudicating claims that rest upon contingent future events that may not occur as anticipated or may never occur at all. *See Ralston v. LM Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *3 (M.D. Fla. Nov. 9, 2016) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (internal quotation marks omitted).  Plaintiffs' bad faith claims are not ripe,

they may not accrue, and therefore, this Court finds that it may not exercise jurisdiction over Counts V and VI at this time.[1]

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 6] is **GRANTED**.

2. Counts V and VI in Plaintiffs' Complaint are **DISMISSED** *without prejudice*.

**DONE AND ORDERED** in Miami, Florida, this 25th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if this Court did find that it had jurisdiction to abate Plaintiffs' bad faith claims, it is skeptical of any arguments grounded in judicial economy. Courts in this district have observed that parties should not be encouraged to file claims that may never ripen. *See Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 12-61678, 2013 WL 4711155, at *8 (S.D. Fla. Aug. 30, 2013). Other courts have pointed out that abating certain claims in a lawsuit can unreasonably delay the ultimate resolution of the entire case because discovery on the abated bad faith claims must be postponed until the conclusion of the summary judgment phase at the earliest. *See Nelson v. Travelers Home & Marine Ins. Co.*, No. 615CV1137ORL22TBS, 2015 WL 12830480, at *2 (M.D. Fla. Aug. 19, 2015). If Plaintiffs' bad faith claims do ultimately accrue, they can always file a separate lawsuit and motion to transfer the case to the judge who handled the underlying insurance liability claims due to the substantial work that judge performed on the case.